RECEIVED
NOV - 1 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| JESSIE MILLER | * | CIVIL ACTION NO. 05-0023 |
| VERSUS | * | JUDGE DOHERTY |
| COMMISSIONER OF SOCIAL SECURITY | * | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

This social security appeal was referred to the undersigned for review, Report and Recommendation pursuant to this Court's Standing Order of July 8, 1993. Pending before the undersigned is a Motion to Remand filed by the Commissioner of Social Security ("Commissioner") on October 5, 2005. (rec. doc. 9). Claimant, Jessie Miller ("Miller"), has filed opposition.

### FINDINGS AND CONCLUSIONS

Claimant filed for judicial review of the ALJ's partially favorable decision which awarded benefits beginning March 8, 1999, but not before. (rec. doc. 11, p. 2). On October 5, 2005, the Commissioner filed a Motion for Remand pursuant to the sixth sentence of 42 U.S.C. § 405(g) because the Office of Hearings and Appeals had been unable to locate plaintiff's claim file containing the Administrative Law Judge's decision dated August 18, 1999. (rec. doc. 9).

Claimant, Miller, agrees that the case should be remanded pursuant to sentence six, but requests a "modified" sentence six remand. (rec. doc. 11, p. 3). He asserts that the Commissioner erroneously omits the fact that not only was the ALJ's decision missing, but also the cassette recording of his administrative hearing; the record exhibits, including medical evidence; the State Agency's Disability Determinations Services' denial and rationale; Miller's articulated reasons for review of the ALJ's partially favorable decision, the Appeals Council's refusal to review the decision and its rationale. (rec. doc. 11, pp. 2-3). He asserts that because his complete file is missing, the Appeals Council did not afford him meaningful review of the evidence adduced at the hearing, which is "an abject violation of the Appeals Council's statutory duty." (rec. doc. 11, p. 4). He requests that the Court modify the Commissioner's sentence six remand request to reflect the following: "If benefits are awarded by the Commissioner on remand, counsel for claimant may well be entitled to a fee award based on *Baker*." (rec. doc. 11, p. 4 (citing *Baker v. Bowen*, 839 F.2d 1075 (5th Cir. 1988)).

A district court may remand to the Appeals Council under § 405(g) in only two circumstances: (1) remands pursuant to the fourth sentence, and (2) remands pursuant to the sixth sentence. *Istre v. Apfel*, 208 F.3d 517, 519 (5th Cir. 2000). The fourth sentence of § 405(g) authorizes a court to enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for

rehearing. *Id.* (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 97-99, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991)). Sentence-six remands may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency. *Shalala v. Schaefer*, 509 U.S. 292, 297 n. 2, 113 S.Ct. 2625, 2629 n. 2 (1993); *Melkonyan*, 501 U.S. at 99-100, and n. 2, 111 S.Ct. 2157, 2163-2164, and n. 2; *cf. Sullivan v. Finkelstein*, 496 U.S. 617, 626, 110 S.Ct. 2658, 2664, 110 L.Ed.2d 563 (1990).

In this case, the Commissioner requested remand before answering the complaint, which is proper basis for a sentence six remand. Miller agrees that sentence six is the appropriate basis in this case. However, he argues that because his entire case file is missing, this constituted an error of law which might entitle him to attorney's fees under the "bad faith and common benefit/common fund" provision of the Equal Access to Justice Act, 28 U.S.C. § 2412(b). *Baker*, 839 F.2d at 1080. Thus, he asks the Court to modify the sentence six remand to add language to that effect as the undersigned did in *Johnson v. Commissioner of Social Security*, Docket No. 04-1561 (April 15, 2005). (rec. doc. 11-2).

In *Johnson*, the Court granted a sentence six remand on the ground that the cassette tape of the hearing before the ALJ contained significant portions which were

3

inaudible and could not be transcribed. There, claimant made a similar argument that the Appeals Council's denial of claimant's claim could not have been based on the "evidence adduced at the hearing" as required by 42 U.S.C. § 405(b) and therefore that the Appeals Council failed to fulfill its statutory duty. The undersigned acknowledged that this may constitute "bad faith" so as to allow an award of attorney fees under *Baker*.

In *Baker v. Bowen*, 839 F.2d 1075 (5th Cir. 1988), the court held that the failure of the Appeals Council to perform its statutory duty by affirming the decision of the ALJ without reviewing the recording of the hearing constitutes legal bad faith where the Commissioner then awards benefits after suit has been filed. *Id.* at 1081. Applying this holding to *Johnson*, the undersigned noted that the Commissioner had not chosen to award benefits at that point, but that "[i]f benefits are awarded by the Commissioner on remand, counsel for claimant may well be entitled to a fee award based on *Baker*." *Johnson* at *3.

In *Johnson*, the undersigned did not hold that the claimant was entitled to a fee award based on *Baker*, but merely acknowledged that such claimant *may be* entitled to such award. (emphasis added). Such determination is premature at this point since the case has not even been remanded. All that has been requested by the Commissioner is that the case be remanded under sentence six, which claimant

4

concedes is appropriate. Should Miller receive a favorable determination on remand, he should request fees under *Baker* at that time.

Accordingly, the undersigned recommends that this case be **REMANDED** to the Commissioner for further administrative action pursuant to the sixth sentence of 42 U.S.C. § 405(g). Claimant's request for modification is **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED*

*SERVICES AUTOMOBILE ASSOCIATION,* **79 F.3D 1415 (5TH CIR. 1996).**

Signed this __1__ day of November, 2005 at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

COPY SENT:
DATE: 11-1-05
BY: gbn
TO: CMH
RFD